IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | § | |
| *Plaintiff*, | § § § | |
| v. | § | Civil Action No. SA-09-CV-327-XR |
| JAMAL TAWIL, BASSAM TAWIL, and NIZAR TAWIL, Individually, and as officers, directors, shareholders and/or principals of KENO INVESTMENTS, LLC d/b/a RANDY'S BALLROOM, and KENO INVESTMENTS, LLC d/b/a RANDY'S BALLROOM, | § § § § § § § § § | |
| *Defendants*. | § | |

## ORDER ON MOTIONS TO DISMISS COUNTERCLAIMS

On this day, the Court considered Plaintiff's motion to dismiss Defendants' counterclaims. (Docket Entry No. 25). Defendants did not respond, and the time to respond has expired. Having reviewed Plaintiff's motion, its motion to dismiss Defendants' counterclaim is hereby GRANTED.

## Background

Plaintiff, J&J Sports Productions, Inc., is a California corporation with its principal place of business in Campbell, California. Defendants Jamal Tawil, Bassam Tawil, and Nizar Tawil are residents of San Antonio, Texas, and officers, directors, shareholders, and/or principals of Keno Investments, LLC and Randy's Ballroom. J&J Sports Productions alleges that it was granted the right to distribute the May 5, 2007, boxing match between Oscar de la Hoya and Floyd Mayweather via closed circuit television and encrypted satellite signal. (Pl.'s 1st Am. Compl. ¶ 17 (June 29, 2009) [Docket Entry No. 8] ("Compl.").) Plaintiff contends that it entered into agreements with

1

various entities in the State of Texas to allow them to exhibit the broadcast to their patrons. (*Id.* ¶ 18.) J&J Sports Productions claims that Defendants and/or their agents exhibited the broadcast to their patrons without authorization. (*Id.* ¶¶ 19–20.)

## Procedural History

Plaintiff filed suit against Defendants for violations of 47 U.S.C. § 605(a), which prohibits the unauthorized publication or use of the transmission of a communication, and 47 U.S.C. § 553, which prohibits the unauthorized reception, interception, and exhibition of a communications service offered over a cable system. (*Id.* ¶¶ 16–33.) Defendants filed a counterclaim "for bringing suit against defendants prior to determining the contractual relationship [Defendants] had with [a third party]." (Def.s' Affirmative Defenses, Countercl.s Against Pl. and Cross-cl.s Against 3d Party Def.s at 13–14 (Aug. 18, 2009) [Docket Entry No. 20]. ("Countercl.s").) They also brought a counterclaim for "disparagement of their good names and business reputations." (*Id.*) Plaintiff filed its Motion to Dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. (Pl.'s Mot. to Dismiss Def.s' Countercl. (Sept. 10, 2009) [Docket Entry No. 25] ("Mot.").) Defendants did not respond to the motion, and the time to do so has expired. *See* Local Rule CV-7(d) (W.D. Tex.) (regarding time allowed to file a response to a motion).

## Plaintiff's Motion

Plaintiff argues that Defendants' first counterclaim pursuant to rule 13 of the Federal Rules of Civil Procedure "merely states the legal requirements for bringing a counterclaim and does not authorize the specific claim made by defendants." (Mot. at 5.) Regarding Defendants' second counterclaim, Plaintiff argues that this claim for defamation is made in connection with a legal proceeding and therefore, not an actionable tort. (*Id.*)

**Legal Standard**

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under 12(b)(6), all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Additionally, the facts are construed favorably to the non-moving party. *See Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Courts may look only to the pleadings in determining whether a party has adequately stated a claim; consideration of information outside the pleadings converts the motion to one for summary judgment. FED. R. CIV. P. 12(d). To survive a 12(b)(6) motion, a claim must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.* at 556.

**Analysis**

*Defendants' Counterclaim Pursuant to Rule 13*

Defendants bring a counterclaim against Plaintiff pursuant to rule 13 of the Federal Rules of Civil Procedure. Rule 13 establishes the procedures for filing a counterclaim and cross-claim. FED. R. CIV. P. 13. The rule does not provide for a substantive cause of action. Rule 1 of the Federal Rules reads: "These rules govern the *procedure* in all civil actions and proceedings in the United States district courts . . . ." FED. R. CIV. P. 1 (emphasis added). There being no substantive cause of action upon which Defendants can base their claim, the Court must dismiss Defendants' first

3

counterclaim.

*Defendants' Counterclaim for Defamation*

Defendants brought a counterclaim for defamation against J&J Sports Productions arising from the claims made by Plaintiff in the lawsuit. The communication of allegedly false statements in a judicial proceeding cannot serve as the basis for a defamation action. *James v. Brown*, 637 S.W.2d 914, 917 (Tex. 1982); *Laub v. Pesikoff*, 979 S.W.2d 686, 691 (Tex. App.—Houston [1 Dist.] 1998, pet. denied); *see also Tulloch v. JPMorgan Chase & Co.*, No. Civ.A. H-05-3583, 2006 WL 197009, at *3 (S.D. Tex. Jan. 24, 2006). The Texas Supreme Court stated: "This privilege extends to any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and *any of the pleadings or other papers in the case*." *James*, 637 S.W.2d at 917 (citing W. PROSSER, HANDBOOK OF THE LAW OF TORTS § 114 (4th ed. 1971)) (emphasis added). Defendants base their claim for defamation on the pleadings provided by Plaintiff. Consequently, Defendants cannot state a claim for defamation.

**Conclusion**

Having considered Plaintiff's motion to dismiss Defendants' counterclaims, the Court GRANTS Plaintiff's motion and DISMISSES Defendants' counterclaims against Plaintiff J&J Sports Productions in their entirety.

It is so ORDERED.

SIGNED this 9th day of November, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE