IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. SA-09-CV-327-XR |
| | § | |
| JAMAL TAWIL, BASSAM TAWIL, and | § | |
| NIZAR TAWIL, Individually, and as | § | |
| officers, directors, shareholders and/or | § | |
| principals of KENO INVESTMENTS, LLC | § | |
| d/b/a RANDY'S BALLROOM, and KENO | § | |
| INVESTMENTS, LLC d/b/a RANDY'S | § | |
| BALLROOM, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON MOTION FOR RECONSIDERATION**

On this day, the Court considered Defendants' Motion for Reconsideration of the Court's Order on Plaintiff's Motion to Dismiss Counterclaims or for Severance. (Docket Entry No. 36). Having reviewed Plaintiff's motion and reviewing the docket, Defendants' motion for reconsideration is DENIED and their motion for severance is GRANTED.

**Procedural History**

Plaintiff filed suit against Defendants for violations of 47 U.S.C. § 605(a), which prohibits the unauthorized publication or use of the transmission of a communication, and 47 U.S.C. § 553, which prohibits the unauthorized reception, interception, and exhibition of a communications service offered over a cable system. (Pl.'s 1st Am. Compl. ¶¶ 16–33 (June 29, 2009) [Docket Entry No. 8].) Defendants filed a counterclaim "for bringing suit against defendants prior to determining the contractual relationship [Defendants] had with [a third party]." (Def.s' Mot. to Dismiss or in the

1

Alternative for More Definite Statement, Affirmative Defenses, Countercl.s Against Pl. J&J Sports Production, Inc. & Cross-cl.s Against 3d Party Def.s Austin Dish, Direct TV Commercial Retailer d/b/a Direct TV Austin a/k/a DirecTV 13–14 (Aug. 18, 2009) [Docket Entry No. 20]. ("Countercl.s").) They also brought a counterclaim for "disparagement of their good names and business reputations." (*Id.*) Plaintiff filed its Motion to Dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. (Pl.'s Mot. to Dismiss Def.s' Countercl. (Sept. 10, 2009) [Docket Entry No. 25].) The Court inadvertently did not consider Defendants' response to Plaintiff's motion, which was filed twenty-two days beyond the deadline to respond to Plaintiff's motion. (*See* Def.s' Resp. in Opposition to Pl.'s Mot. to Dismiss (Oct. 16, 2009) [Docket Entry No. 31].) The Court issued an Order that dismissed Defendants' counterclaims without considering Defendants' response to Plaintiff's motion. (Order on Mot. to Dismiss Countercl.s (Nov. 9, 2009) [Docket Entry No. 36].)

**Defendants' Motion**

Defendants point out that the Court inadvertently did not consider its response to Plaintiff's motion to dismiss. Defendants state:

> The Motion is not well taken. The Court reasoning is not supported by a reasonable review of the defendants' pleadings. Specifically, the Court states in its Order "the defendants brought a counterclaim for defamation against J&J Sports Production arising from the claims made by plaintiff in this lawsuit". It is respectfully submitted that there is no basis such a conclusion from any reasonable review of the defendants' pleadings.

(Mot. at 2–3.) In their motion, Defendants include their arguments from their response in which they state that their counterclaim constituted claims for unjustifiable litigation and business disparagement. (*Id.* at 3–4.) While they acknowledge that allegations in a lawsuit cannot serve as the basis for defamation or disparagement claims, they allege that this is not what they pled in this case. (*Id.* at 4.) They argue that the appropriate course of action would have been for J&J Sports

2

Productions to file a motion for a more definite statement. (*Id.*) Defendants conclude their motion with a request for severance, stating: "If the Court insists on mischaracterizing the defendants' pleadings in this manner then we respectfully request that the Court grant a severance and enter a final judgment on these dismissed counterclaims so that the defendants may immediately file and [sic] appeal of this matter." (*Id.*)

**Legal Standard**

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" by that name. A court reconsiders an interlocutory order pursuant to Rule 54(b). *See* FED. R. CIV. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. Unit A Oct. 1981). In a recent opinion, our sister court in the Northern District of Texas discussed the standards related to the reconsideration of an interlocutory order.

> Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court. *See Livingston Down Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). And the standard would appear to be less exacting than that imposed by Rules 59 and 60. *See id.* Even so, considerations similar to those under Rules 59 and 60 inform the Court's analysis. *See id.*; *see also McLaughlin v. Unum Life Ins. Co. of Am.*, 212 F.R.D. 40, 41 (D. Me. 2002) (discussing the standard for review of an interlocutory order).

*Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, No. 4:06-CV-292-Y, 2009 WL 2474771, at *3 (N.D. Tex. Aug. 13, 2009). Likewise, our sister court in the Southern District of Texas has declared

3

that "Rule 59(e)'s legal standards are applied to motions for reconsideration of interlocutory orders." *T-M Vacuum Prods., Inc. v. TAISC, Inc.*, No. C-08-309, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008). This Court will utilize the standards of rule 59(e) to inform its analysis.

To prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

**Analysis**

Here, the Court did not consider Defendants' response to Plaintiff's motion to dismiss its counterclaims. Regardless, Defendants failed to respond to Plaintiff's motion within the required time to do so and did not seek leave from the Court. As a result, it is unnecessary for the Court to have considered Defendants' response. Plaintiff filed its motion to dismiss Defendants' counterclaims on September 10, 2009. Defendants were required to respond no later than September 24, 2009. *See* L.R. CV-7(d) (W.D. Tex.) (requiring response within eleven days of service of motion); FED. R. CIV. P. 6 (regarding calculation of deadlines). Without seeking leave of the Court, Defendants filed their response on October 16, 2009; twenty-two days beyond the deadline for responding to Plaintiff's motion. A district court is free to consider or disregard a late response. *Frick v. Quinlin*, 631 F.2d 37, 40 (5th Cir. 1980); *see also Tarrant v. Union Pac. R. Co.*, No. 9:07cv80, 2008 WL 4500326, at *6 (E.D. Tex. Oct. 3, 2008) ("The response was improperly filed and should not be considered."). The Local Rules of the Western District of Texas read: "If there is no response filed within the time period prescribed by this rule, the Court may grant the motion as unopposed." L.R. CV-7(d) (W.D. Tex.). Consequently, it was unnecessary for the Court to have

4

considered Defendants' response.

Even if the Court were to have considered Defendants' response, Plaintiff would still succeed on its motion to dismiss Defendants' counterclaims. Defendants' counterclaim reads:

> 50. Defendants hereby incorporate by reference the above and foregoing as well as the following paragraphs, to the extent they are relevant and not irreconcilable.
> 51. Defendants Jamal Tawil, Bassam Tawil and Nizar Tawil hereby file their counterclaims against Plaintiff J &J Sport Production, Inc., for bringing suit against defendants prior [sic] determining the contractual relationship it has with Austin Dish, Direct TV Commercial Retailer D/B/A Direct TV Austin, A/K/A Direct TV. This counterclaim is asserted pursuant to Rule 13, F.R.C.P.
> 52. Defendants/counter-claimants further counter sue Plaintiff J &J Sports Production, Inc. for disparagement of their good names and business reputations. These claims have subjected them to public scorn and ridicule and caused them to lose out on other business opportunities that would have been available to them but for the stigma caused by plaintiff's allegations even after the plaintiffs were informed of the specific facts and circumstances of this case.

(Countercl.s ¶¶ 50–52.) Defendants characterize their counterclaims as "unjustifiable litigation" and "business disparagement." (Def.s' Resp. in Opposition to Pl.'s Mot. to Dismiss 3–4; Mot. at 3–4.)

There is not a specific claim for "unjustifiable litigation" by that name under Texas law. Texas courts recognize a claim for "malicious prosecution" related to civil lawsuits. *See Graber v. Fuqua*, 279 S.W.3d 608, 617 & n.9 (Tex. 2009).

> To prevail in a suit alleging malicious prosecution of a civil claim, the plaintiff must establish: (1) the institution or continuation of civil proceedings against the plaintiff; (2) by or at the insistence of the defendant; (3) malice in the commencement of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in plaintiff's favor; and (6) special damages.

*Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996); *see also Graber*, 279 S.W.3d at 617 n.9. Defendants' brief counterclaim and pleading and preceding portions of the pleading fail to present sufficient facts to establish this claim. *See* FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, -- U.S. ---, 129

5

S.Ct. 1937, 173 L.Ed.2d 868 (2009). Even if the Court were to infer that Defendants alleged some of the elements of this claim, the status of this lawsuit automatically precludes them from presenting their claim. "By definition, Texas claims for malicious prosecution arise only *after* the underlying case reaches a *final judgment and all appeals are exhausted*." *Graber*, 279 S.W.3d at 617 (emphasis added). Here, the lawsuit upon which Defendants base their claim has just been initiated. As a result, the Court would have dismissed Defendants' claim for "unjustifiable litigation."

To prevail on a claim for business disparagement, a plaintiff must show that "(1) the defendant published false and disparaging information about it, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff." *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003). Again, Defendants' brief counterclaim and pleading fails to present sufficient facts to establish this claim. Defendants response to Plaintiff's motion to dismiss their counterclaims states in a conclusory fashion that "Plaintiffs have accused them of theft. These accusations are very damaging to their business reputation and subject them to public scorn within the business community of San Antonio, Texas. It has caused them to lose out on lucrative business opportunities because of the stigma." (Def.s' Resp. in Opposition to Pl.'s Mot. to Dismiss 3–4; Mot. at 3–4). This explanation likewise does not plead sufficient facts to establish a claim for business disparagement: they make no allegation of malice nor do they establish that the allegedly false and disparaging information was without privilege. "A business disparagement claim is similar in many respects to a defamation action. The two torts differ in that defamation actions chiefly serve to protect the personal reputation of an injured party, while a business disparagement claim protects economic interests." *Id.* As the Court stated in its Order on Plaintiff's motion to dismiss Defendants' counterclaims:

6

> The communication of allegedly false statements in a judicial proceeding cannot serve as the basis for a defamation action. *James v. Brown*, 637 S.W.2d 914, 917 (Tex. 1982); *Laub v. Pesikoff*, 979 S.W.2d 686, 691 (Tex. App.—Houston [1 Dist.] 1998, pet. denied); *see also Tulloch v. JPMorgan Chase & Co.*, No. Civ.A. H-05-3583, 2006 WL 197009, at *3 (S.D. Tex. Jan. 24, 2006). The Texas Supreme Court stated: "This privilege extends to any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and *any of the pleadings or other papers in the case*." *James*, 637 S.W.2d at 917 (citing W. PROSSER, HANDBOOK OF THE LAW OF TORTS § 114 (4th ed. 1971)) (emphasis added). Defendants base their claim for defamation on the pleadings provided by Plaintiff. Consequently, Defendants cannot state a claim for defamation.

(Order on Mot. to Dismiss Countercl.s 4.) The same reasoning would apply to Defendants' business disparagement claim. Defendants state that they "do not quarrel with the citations noted by the Court concerning the privileged nature [sic] allegations contained in lawsuits and that these filings cannot serve as the basis for defamation or disparagement claims. Clearly, that is not what was pled here." (Mot. at 4.) The pleadings, however, are not clear on this matter and Defendants fail to plead sufficient allegations that any false or disparaging comments arose outside this lawsuit.[1]

## Conclusion

Defendants have not shown an intervening change in controlling law, presented new evidence that was previously unavailable, or the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. As a result, the Court DENIES their motion for reconsideration. The Defendants ask that the Court grant a severance and enter final judgment on these dismissed counterclaims so that they may immediately file an appeal on this matter. The Court hereby

---

[1] Defendants state that Plaintiff should have requested that they provide a more specific statement, which would be pursuant to Federal Rule of Civil Procedure 12(e), if Plaintiff could not discern Defendants' counterclaims. It was not incumbent upon Plaintiff to request clarification of a brief, short plain statement that presented a claim pursuant to Federal Rule of Civil Procedure 13 and a claim related to defamation. Federal Rule of Civil Procedure 8 places the burden on those presenting party to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

GRANTS this request. It is therefore, ORDERED, that Defendants' dismissed counterclaims are SEVERED from this cause of action and JUDGMENT is hereby entered in favor of Plaintiff J&J Sports Productions, Inc. on Defendants' counterclaims.

It is so ORDERED.

SIGNED this 30th day of November, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE